## EX PARTE DELGADO.

### APPEAL from the Dictrict Court of Ponce.

No. 84.—Decided April 25, 1907.

HABEAS CORPUS—OATH.—Applications for *habeas corpus* must be sworn tó by the applicant himself whenever possible, and where this is not done the application should state the reason or cause for not so doing, and in any case it should be stated in the oath that the facts set forth in the application are sworn to under personal knowledge of the person taking the oath.

ID.—APPEAL.—An order of an inferior court dismissing an application for *habeas corpus* without issuing the writ is not a final order and is therefor not appealable.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The appellant in this case applied to the District Court of Ponce, on March 30 of the current year, through his attorney, Domingo Sepúlveda, for a writ of *habeas corpus,* alleging that he was illegally restrained of his liberty in the district jail of Ponce, by virtue of a judgment rendered on December 5, 1906, by the municipal judge of Coamo, Rafael Guillermety, because having been convicted of the crime defined in section 470 of the Penal Code and having been sentenced to pay a fine of $200 and the costs, or in default thereof, to be confined in jail for one year, he has served more than 90 days and should not be longer restrained of his liberty, because such imprisonment is in violation of section 54 of the Code of Criminal Procedure. Said section reads as follows:

"When the judgment is rendered against a defendant that he may pay a fine and the costs of said proceeding, should he fail to do so at once, the justice shall commit him to jail to be confined one day for each 50 cents of fine and costs remaining unpaid; said imprisonment in the aggregate shall not exceed 90 days."

The District Court of Ponce held that "the petition in this case having been considered, it is denied."

Appeal was taken to this Supreme Court from this decision.

The appellant did not appear, but the *fiscal* at the hearing consented to the granting of the petition, stating that he thought that the petitioner should be discharged forthwith.

We have here before us only the original petition, the notice of appeal, and the decision of the judge.

It may be deduced from the test of the decision appealed from that the petition was denied *eo instanti* on account of a defect in form, and we suppose it referred to the oath, which reads as follows:

"Sworn to before me by Domingo Sepulveda, this 30th day of March, 1907.—Gustavo Rodríguez, notary. Place for the seal."

Undoubtedly this oath is deficient.

We have held on another occasion that the proper practice is for the person interested to swear to the petition when possible, although an oath has never been rejected when, as in this case, it has been taken by an attorney only.

But even accepting this special mode, the reason or ground why the person interested did not swear should be set forth, and the facts in the petition should also be sworn to, either from personal knowledge or belief.

But at any rate it appears to be evident from the record before us that application for the writ of *habeas corpus* was not heard, and consequently the decision denying the application *eo instanti* is not final, for which reason no appeal lies therefrom.

The first section of the act providing for the writ of *habeas corpus* laws of 1903, pages 102-4, is specific. It reads as follows:

"An appeal may be taken to the Supreme Court of Porto Rico from the final order of a court or judge upon the return of the writ of *habeas corpus*, by any party to the proceedings aggrieved thereby."

·The cases of Luis Felipe Dessús and of Satiriche, decided by this Supreme Court on October 9 and 13, 1905, respectively, are in all essential respects identical to the case and came from the said Ponce court.

Therefore, this court lacks jurisdiction to consider this appeal, and the same should be dismissed.

*Dismissed.*

Chief Justices Quiñones and Justices Hernández, MacLeary and Wolf concurred.